# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

CEDRIC MCDONALD,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 17-3057-MWB
(CR 14-3056-MWB-1)

**OPINION AND ORDER REGARDING CERTIFICATE OF APPEALABILITY**

_____

This case is before me on remand from the Eighth Circuit Court of Appeals to consider whether a certificate of appealability should issue in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). I inadvertently omitted a determination on the certificate of appealability issue in my August 20, 2018, Opinion And Order Regarding Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence. In that Opinion And Order, I granted petitioner McDonald's § 2255 Motion to the extent that his sentence of 210 months was corrected to 120 months, the maximum sentence that could have been imposed without an ACCA enhancement; denied the part of his § 2255 Motion claiming ineffective assistance of counsel for failing to challenge the determination that two prior second-degree robbery convictions, under Iowa law, were also predicate ACCA offenses; and denied the part of his § 2255 Motion claiming ineffective assistance of counsel for failing to object to the court's use of a video that addressed racial prejudice.

My denial, in part, of McDonald's claims for § 2255 relief raises the question of whether or not he is entitled to a certificate of appealability on those claims. In order to obtain a certificate of appealability on those claims, McDonald must make a substantial

showing of the denial of a constitutional right. *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For essentially the reasons set out in my August 20, 2018, Opinion And Order, I now conclude that McDonald has failed to make a substantial showing that denial of two of his claims is debatable among reasonable jurists, that a court could resolve any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. Consequently, a certificate of appealability is denied as to McDonald's claims for § 2255 relief that I denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El*, 537 U.S. at 335-36; *Cox*, 133 F.3d at 569.

THEREFORE, no certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 15th day of October, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA